UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2012-174 (WOB-JGW)

SCOTT BROSHEARS                                              PLAINTIFF

VS.            <u>MEMORANDUM OPINION AND ORDER</u>

JANET ANN NAPOLITANO,
Secretary, Department of
Homeland Security                                            DEFENDANT

This matter is before the Court on plaintiff's motion to transfer this case to the United States District Court for the Middle District of Florida. (Doc. 15). Although this motion is presently set for oral argument, on review the Court concludes that oral argument is unnecessary.

The federal statute governing venue transfer provides in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

The Supreme Court has stated that 28 U.S.C. § 1404(a) gives a district court discretion to grant or deny a motion to transfer on an "individualized, case-by-case

consideration of convenience and fairness." *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted).

A two-part test assists courts in determining when transfer is proper. *Murty Pharm., Inc., v. Akorn, Inc.*, Civil Action No. 5:06-83-JMH, 2006 WL 3193431, at *1 (E.D. Ky. Nov. 2, 2006). First, the Court must determine "whether the action could have been brought originally in the transferee court." *Id.* Second, the Court must decide "whether a change of venue would serve the interests of justice and facilitate the convenience of the parties and witnesses." *Id.*

Defendant correctly contends that this action could not have been brought in the Middle District of Florida. First, 28 U.S.C. § 1391(b)(1) discusses bringing actions in the judicial district in which the defendant resides. This makes Plaintiff's change of residence to the Middle District of Florida irrelevant to determining whether the suit could initially have been brought in that District. Further, it is clear that venue is proper in the Eastern District of Kentucky because Plaintiff alleges employment discrimination and retaliation occurring at the Greater Cincinnati/Northern Kentucky International Airport. *See* 28 § U.S.C. § 1391(b)(2).

Even if venue were proper in the Middle District of Florida, the Court would still have to decide "whether a change of venue would serve the interests of justice and facilitate the convenience of the parties and witnesses." *Murty,* 2006 WL 3193431, at *1.

In this analysis, courts consider a number of factors, including: (1) convenience of the parties and witnesses, (2) accessibility of sources of proof, (3) costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, (5) the interests of justice, and (6) the plaintiff's original choice of forum. *Kentucky Speedway, LLC v. Nat'l Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp.2d 751, 755 (E.D. Ky. 2005) (citations omitted).

First, Defendant is correct that, because this is a case in which plaintiff alleges employment discrimination and retaliation at the Greater Cincinnati/Northern Kentucky International Airport, the majority of the potential witnesses are found in and around the Eastern District of Kentucky.  It would not be convenient for those witnesses to travel to the Middle District of Florida.  Further, Plaintiff claims only that himself, his counsel, and one

3

witness live in Florida. As such, this factor does not support transfer.

Further, although the majority of documents are located in the Eastern District of Kentucky, documents can be transmitted via mail, email, or facsimile. This factor is thus not a significant concern and does not support transfer.

The third factor also does not weigh in favor of transfer. Plaintiff concedes that multiple potential witnesses work or reside in states across the country. (Doc. 23-1). Consequently, the costs of securing testimony from witnesses while litigating in the Eastern District of Kentucky will not differ substantially from the cost of securing testimony while litigating in the Middle District of Florida. As such, this factor does not weigh in favor of transfer.

Finally, plaintiff's original choice of forum is ordinarily entitled to considerable weight. *Kentucky Speedway*, 406 F. Supp.2d at 755. Plaintiff originally chose the Eastern District of Kentucky to pursue his claims. Plaintiff concedes that he now seeks to transfer venue primarily because he has moved to Florida. Accordingly, this factor does not support transfer.

4

In sum, Plaintiff chose the Eastern District of Kentucky to pursue this case, and no other factors overwhelmingly support his motion to transfer under 28 U.S.C. 1404(a). The motion will thus be denied, and the Court need not reach defendant's other arguments.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's motion to transfer (Doc. 15) be, and is hereby, **DENIED**. The hearing set for April 4, 2013, be, and is hereby, **CANCELLED**.

This 21st day of March, 2013.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

5