IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:12-cv-174 (WOB-JGW)**

**SCOTT BROSHEARS**                                                               **PLAINTIFF**

**VS.**

**JEH JOHNSON, Secretary,**
**Department of Homeland Security**                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Plaintiff Scott Broshears alleges that his supervisor at the Transportation Security Administration ("TSA") discriminated against him based on his gender and retaliated against him for protected activity when he was terminated from his job as a Supervisory Transportation Security Screener at Cincinnati/Northern Kentucky International Airport in May of 2003. Plaintiff now seeks damages, a permanent injunction, and attorney's fees. (Doc. 1, Complaint, at 3-6.)

This case is before the Court on a motion for summary judgment filed by Defendant Jeh Johnson, the Secretary of the Department of Homeland Security ("DHS"). (Doc. 68.) The Court previously heard oral argument on this motion on January 8, 2015, after which it took the motion under advisement. Court reporter Lisa Wiesman recorded the proceedings.

The Court now issues the following Memorandum Opinion and Order. For the reasons stated herein, the Court grants Defendant's motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff, a male, began working for TSA on September 1, 2002. (Doc. 71, Broshears Depo., at 5; Doc. 71-17, Report of Investigation, at 12.) He was employed as a Supervisory Transportation Security Screener, and his duty station was Cincinnati/Northern Kentucky International Airport. (Doc. 71-12, ROI, at 11.)

TSA terminated Plaintiff's employment in May of 2003 as part of a nationwide reduction in force at overstaffed airports.[1] (Doc. 71-12, ROI, at 11.) Plaintiff received notification of his impending termination on his last day of work, May 23, 2003, and he was officially separated from TSA on May 30, 2003. (Doc. 71, Broshears Depo., at 10.)

Plaintiff alleges that his second-line supervisor, Assistant Federal Security Director for Screening Carole Helfand, improperly selected him for termination as part of the reduction in force because of his gender and in retaliation for his refusal to falsify documents for other employees' personnel files. (Doc. 1, Complaint, at 3-6.) Secretary Johnson denies these allegations and states that the decision to terminate Plaintiff's employment was made by TSA's Competency Based Reduction Team in Arlington, VA based on information supplied by Helfand and Federal Security Director Terry Burgess. (Doc. 71-14, ROI, at 1, 13.) Defendant asserts that the specific information that led to Plaintiff's separation from TSA was his history of corrective and disciplinary action, including "two letters of counseling, one letter of warning/reprimand, and two 'other'

---

[1] Plaintiff's counsel conceded at oral argument that the reduction in force was genuine and not itself a pretext to disguise discrimination.

2

letters for exceeding authority/procedure." (Doc. 71-18, Final Agency Decision, at 1.)

Following TSA's termination of his employment on May 30, 2003, Plaintiff did not begin the equal employment opportunity ("EEO")[2] administrative process immediately. Plaintiff first contacted an EEO Counselor to complain that his termination was illegally discriminatory on June 21, 2005, more than two years later. (Doc. 71, Broshears Depo., at 10.)

In his EEO complaint, Plaintiff listed only his religion and his gender as bases for the alleged discrimination. (Doc. 71-12, ROI, at 3.) Importantly, Plaintiff never alleged in the EEO administrative process that his termination was in retaliation for protected activity, (see id.), despite the fact that TSA gave Plaintiff the opportunity to clarify his allegations if he so chose, (id. at 13; see also Doc. 69-8, Reese Decl., at ¶ 8).

On June 29, 2010, the Department of Homeland Security issued its final agency decision, concluding that "a finding of no discrimination is appropriate" in response to Plaintiff's allegations. (Doc. 71-17, FAD, at 15; Doc. 71-18, FAD, at 1-3).

Plaintiff filed suit in this Court alleging discrimination on the basis of his gender and retaliation for protected activity on August 20, 2012. (Doc. 1, Complaint, at 1.) Secretary Johnson moved for summary judgment on September 15, 2014. (Doc. 68.)

---

[2] Even though the administrative process discussed in this opinion is referred to as the equal employment opportunity process, because Plaintiff worked for TSA and TSA is a division of DHS, DHS, rather than the Equal Employment Opportunity Commission, handled Plaintiff's complaint and the subsequent administrative process.

3

## II. ANALYSIS

In order to survive a motion for summary judgment, Plaintiff must identify a genuine dispute of material fact for trial. Fed. R. Civ. P. 56. Because Plaintiff has not identified a genuine dispute of material fact as to whether he administratively exhausted his retaliation and gender-discrimination claims, the Court grants summary judgment to Secretary Johnson.

Before a federal employee alleging employment discrimination in violation of Title VII may bring a lawsuit in federal court, the employee must first exhaust his administrative remedies. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010). The first step in exhausting administrative remedies is to file an administrative charge with an EEO Counselor. *Id.* at 361 (citing 42 U.S.C. § 2000e-5(e)(1)). The Code of Federal Regulations provides: "An aggrieved person *must* initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the effective date of the action." 29 C.F.R. § 1614.105(a)(1) (emphasis added). Failure to initiate timely contact with an EEO Counselor may be a ground for dismissal of discrimination claims. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009).

TSA terminated Plaintiff's employment on May 30, 2003. (Doc. 71, Broshears Depo., at 10.) Plaintiff therefore needed to initiate contact with an EEO Counselor by mid-July of 2003. There is no dispute that Plaintiff did not seek EEO counseling until June 21, 2005. (*Id.*) Plaintiffs' discrimination claims therefore are

4

presumptively barred by this failure to exhaust his administrative remedies.  *See Hunter*, 565 F.3d at 993.  That presumption, however, can be rebutted.

The Supreme Court has recognized exceptions to the forty-five day period set out in 29 C.F.R. § 1614.105(a)(1); these exceptions include waiver, estoppel, and equitable tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  But "they are to be applied sparingly," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), and Plaintiff bears "the burden to plead and prove facts supporting equitable avoidance of a timeliness defense," *Hampton v. Caldera*, 58 F. App'x 158, 160 (6th Cir. 2003).

Plaintiff has wholly failed to meet this burden.  Federal Rule of Civil Procedure 56 provides in part:

> **(1) *Supporting Factual Positions*.**  A party asserting that a fact . . . is genuinely disputed must support the assertion by:
> > **(A)** citing to *particular parts of materials in the record*, including depositions, documents, . . . affidavits or declarations, . . . or other materials;
>
> * * *
>
> > **(C) *Materials Not Cited*.**  The court need consider *only the cited materials* . . . .

Fed. R. Civ. P. 56(c) (emphases added).

Furthermore, Plaintiff has failed to support his claims on the merits.  If "a party fails to properly support an assertion of fact or fails to address another party's assertion of fact as required by Rule 56(c)," Rule 56(e) authorizes the Court to "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials--including the facts considered

5

undisputed--show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3).

In light of the complete absence of any citations to the record or pertinent legal authority in Plaintiff's response to the Secretary's motion for summary judgment (Doc. 77), the Court considers all the supported facts in the Secretary's motion to be undisputed. The general statements in Plaintiff's response that his deposition supports his case--without specific citations thereto--do not satisfy Rule 56's requirements. Nor do statements that he "intends to call" witnesses on his behalf satisfy the rule, absent declarations or depositions from those witnesses.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment.

Therefore, having heard the parties and the Court being sufficiently advised,

**IT IS ORDERED THAT:**

(1) Defendant's motion for summary judgment (Doc. 68) be, and is hereby, **GRANTED**;

(2) A separate judgment shall enter concurrently herewith.

This 13th day of January, 2015.



Signed By:
*William O. Bertelsman* WOB
United States District Judge